PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MILLER, ) | |
| ) | CASE NO. 4:17CV2128 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| STATE OF OHIO, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 5] |

*Pro se* Plaintiff Michael Miller filed this action under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, against the State of Ohio, Mahoning County Common Pleas Court Judge D'Apolito, Mahoning County Common Pleas Court Judge Maureen A. Sweeney, Mahoning County Prosecutor Paul Gains, and Mahoning County Assistant Prosecutor Gina Zawrotuk. ECF No. 1. In his Complaint, Plaintiff objects to the scheduling and decisions made in a state court case in which he is involved. He seeks monetary relief.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2). That Motion is granted. He also filed a Motion for Summary Judgment (ECF No. 5). For the reasons stated below, that motion is denied and this action is dismissed pursuant to 28 U.S.C. § 1915(e).

(4:17CV2128)

## I. Background

Plaintiff's Complaint contains very few facts. He cites to *Miller v. Milich*, Appellate Case No. 17 MA 0090 (Ohio Ct. App.) and states the Court of Appeals refused to grant him money. ECF No. 1 at PageID #: 2. The case to which he refers is a case in which Plaintiff filed an action against Judge Robert Milich. The Ohio Seventh District Court of Appeals dismissed the appeal because Plaintiff was previously designated as a vexatious litigator under Ohio Revised Code § 2323.52. Plaintiff alleges he has been denied his right to appeal a judgment. ECF No. 1 at PageID #: 2. Plaintiff claims a preliminary conference was cancelled and that he was denied access to the courts. *Id*. He states, without explanation, "Extreme prejudice prosecutorial misconduct, collusion, retaliation, intimidation and interfering with civil rights an order that affects a substantial right in an action that in effect determines the action that prevents a judgment is prejudice." *Id*. at PageID #: 1. Furthermore, he states, "Confidentiality, and conflict of interest, zealous representation, engaging in conduct involving moral turpitude, fraud, deceit, dishonesty and misrepresentation and engaging in action that did improperly prejudice the outcome of my cases." *Id*. at PageID #: 2. He requests an award of $2,000 for arbitration fees, $500,000 in damages, and court costs. *Id*.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon

(4:17CV2128)

which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable

3

(4:17CV2128)

for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

### III. Discussion

As an initial matter, Plaintiff cites to Title VII, 42 U.S.C. § 2000e, as basis for relief. Title VII specifically addresses discrimination in employment. Plaintiff fails to allege anything related to any employment relationship he may have or had with any of the Defendants.

Plaintiff also contends he is entitled to relief under 42 U.S.C. § 1983. All of the Defendants, however, are immune from suits for damages under Section 1983.

Plaintiff names the State of Ohio as a Defendant. The Eleventh Amendment is an absolute bar to the imposition of liability upon the State of Ohio. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Judges D'Apolito and Sweeney are entitled to absolute judicial immunity for claims pertaining to conduct performed while presiding over a case, provided that the actions they took were not in complete absence of all subject matter jurisdiction of the court over which each of them respectively preside. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997). Plaintiff does not allege any facts pertaining to either judge, but he objects in general to his inability to receive responses to his motions or to file documents due

(4:17CV2128)

to the order declaring him to be a vexatious litigator. These are actions which pertain, if at all, to conduct performed by the judges in the course of presiding over Plaintiff's cases. Plaintiff does not allege facts suggesting the decisions were outside of the subject matter jurisdiction of the Mahoning County Common Pleas Court. Therefore, Judges D'Apolito and Sweeney are entitled to absolute immunity for these claims.

Prosecutors are entitled to absolute immunity for actions directly related to initiating a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). They are also immune with respect to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). This includes conduct in civil proceedings where a government attorney is operating in an enforcement role in initiating a judicial proceeding," or undertaking the defense of a civil suit on behalf of the government. *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000); *Al-Bari v. Winn*, 907 F.2d 150 (Table), 1990 WL 94229, at *1 (6th Cir. July 9, 1990). Plaintiff does not allege any specific facts pertaining to Prosecutor Paul Gains or Assistant Prosecutor Gina Zawrotuk. His complaint focuses entirely on judicial proceedings. Plaintiff has not alleged facts to suggest his interactions with Gains or Zawrotuk were in any capacity other than that of prosecutors representing the state. Thus, they are also immune from suit.

(4:17CV2128)

## IV. Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Plaintiff's Motion for Summary Judgment (ECF No. 5) is denied as moot.

    IT IS SO ORDERED.

 February 28, 2018                        */s/ Benita Y. Pearson*
Date                                       Benita Y. Pearson
                                             United States District Judge